**Richard I. LAING, Plaintiff—Appellant,**

v.

**Bernard A. GUISTO, Sheriff of Multnomah County, Defendant—Appellee.**

**No. 03–35105.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Richard I. Laing, pro se, Salem, OR, for Plaintiff–Appellant.

Susan M. Dunaway, Esq., Multnomah County Attorney, Portland, OR, for Defendant–Appellee.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Richard I. Laing appeals pro se the district court's summary judgment in favor of defendant in his 42 U.S.C. § 1983 action alleging that the Multnomah County Jail policy allowing female guards to conduct pat-down searches of male inmates violates his Fourteenth Amendment right to equal protection. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003), and we affirm.

The district court properly concluded that the jail policy did not violate Laing's equal protection rights because Laing failed to provide evidence sufficient to overcome the defendant's showing that the cross-gender searches serve important government objectives, and that its means are substantially related to the achievement of those objectives. *See United States v. Virginia*, 518 U.S. 515, 533, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996). Laing also failed to show that male inmates are similarly situated to females with respect to intimate bodily searches by guards of the opposite sex. *Cf. Hibbs v. Nevada Dep't of Human Res.*, 273 F.3d 844, 855 (9th Cir.2001), *aff'd*, 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003); *Jordan v. Gardner*, 986 F.2d 1521, 1525–26 (9th Cir.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1993) (concluding that "[t]he record in this case supports the postulate that women experience unwanted intimate touching by men differently from men subject to comparable touching by women.").

 We also reject Laing's argument that the jail violated his Fourteenth Amendment right to privacy. We have repeatedly held that searches or surveillance of male prisoners by female guards does not violate the constitution. "[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate the fourteenth amendment because a correctional officer of the opposite gender conducts such a search." *Grummett v. Rushen,* 779 F.2d 491, 495 (9th Cir.1985); *see also Michenfelder v. Sumner,* 860 F.2d 328, 334 (9th Cir.1988) (holding that the monitoring of male prisoners by female guards during strip searches or on shower duty does not violate the Fourth Amendment).

Laing's remaining contentions lack merit.

**AFFIRMED.**